# THE UNITED STATES DISTRICT COURT
# FOR THE UNITED STATES VIRGIN ISLANDS
# ST. CROIX DIVISION

ILP+ McCHAIN MILLER NISSMAN )
    Plaintiff, )
v. ) Case No. SX-13-CV-141
)
INDEPENDENCE BANK, )
)
    Defendant. )
)

## DEFENDANT INDEPENDENCE BANK'S NOTICE OF REMOVAL

Defendant, Independence Bank (the "Bank"), hereby removes this action from the Superior Court in the United States Virgin Islands, Division of St. Croix to the United States District Court for the District of the United States Virgin Islands, pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446. In support of removal, the Bank states:

1. **Basis for Jurisdiction.** This Court has jurisdiction over this removed action pursuant 28 U.S.C. §1331. Removal is proper pursuant to this statute because as explained further below, the Plaintiff has brought claims against the Bank arising under the laws of the United States, specifically, 18 U.S.C. §1961, the Federal RICO statute. This Court also has jurisdiction over this removed action pursuant 28 U.S.C. §1332(a)(1) in that the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs and this action is between citizens of different States where citizens or subjects of a foreign state are additional parties. As required by 28 U.S.C. 1441(b), the defendant is not a citizen of the United States Virgin Islands, the jurisdiction in which this action is brought.

2. **Background and the Parties**. As alleged in the Complaint, the Plaintiff is a law firm authorized to practice law in the United States Virgin Islands. On or about July 24,

2012, Tramcon, Inc., a tram operation of the island of St. Thomas, filed a Chapter 11 bankruptcy proceeding in the Bankruptcy Court of the United States District Court for the United States Virgin Islands, Case No. 12-3001-MFW, pending before the Honorable Judge Walrath. The Bank is a Rhode Island Chartered Institution with its principal place of business in Rhode Island.

The Plaintiff filed an application to be retained by the Debtor to pursue claims against its landlord and an order approving the retention application was entered on September 17, 2012. Significantly, the Plaintiff filed its Expedited Application for the authority to be employed by the Debtor wherein the Plaintiff states in Paragraph 8 that to the best of the Debtor's and Plaintiff's knowledge, the Plaintiff "does not have **any connection with any of the other creditors**, or any other party in interest, or any of their respective attorneys. (Emphasis added)". The Plaintiff was required to disclose under oath and penalty of perjury whether the firm had any connection whatsoever to any other party.

Prior to the filing of the bankruptcy petition, the Defendant Bank was the sole secured creditor of the Debtor and held a security interest over all of the Debtor's real and personal property. On or about November 6, 2012, at the request of the Bank and the landlord, Tramway Properties, Inc. ("Landlord"), the Bankruptcy Court appointed Adam Hoover, Esq. as the Chapter 11 Trustee to take over the operations from the Debtor due to gross mismanagement. As a result of the appointment of the Chapter 11 Trustee, the Plaintiff was no longer authorized to represent the Debtor in any capacity in the pending adversary proceeding against the landlord.

Despite being involved in the case for only 2 months and with the case having no benefit whatsoever the Debtor's bankruptcy estate, the Plaintiff filed a fee application with the Bankruptcy Court seeking compensation of $69,660.00 from the Debtor. The Bank, the United States Trustee and the Landlord all filed objections to the Plaintiff's fee application due to

inconsistencies in the Plaintiff's billing practices, the fact that the Plaintiff was improperly seeking compensation for pre-petition and pre-retention services and more importantly, whether the Plaintiff provided any value to the bankruptcy estate.

Notably, the Bank, the United States Trustee and the Landlord all objected to the value of the services provided by Plaintiff to the bankruptcy. The Plaintiff was retained by the Debtor to prosecute an adversary proceeding against the Landlord, Adversary Proceeding #: 3:12-ap-03005-MFW. Whether or not the suit had any merit, in the four months Mr. McChain was involved in the case, the case was hardly advanced. A review of the docket shows that the case never even reached the discovery phase. No depositions were taken. No discovery was propounded. Despite this, Mr. McChain billed in excess of $15,000 per month. This was clearly excessive and provided no benefit to the estate, which is why every other significant party to the case objected to the Plaintiff's fee application. Although the hearing took place on March 13, 2012, Judge Walrath has not yet entered an order on the Plaintiff's Fee Application.

Now, as a result of the fact that the Bank objected to its Fee Application, the Plaintiff has concocted a Federal RICO Claim against the Bank allegedly that the Bank fraudulently obtained its legal services in the adversary proceeding and, prior to the petition, agreed that it would pay the Plaintiff's legal bills. This is an obvious and improper attempt to circumvent the rules of compensation in a bankruptcy proceeding, as well as possibly violating local bar rules and ethics provision. The Plaintiff has shown nothing to indicate that there was ever a written agreement with the Bank to pay for its fees. In addition, the Plaintiff's complaint has a fatal flaw. Although the Plaintiff alleges that the Bank agreed to pay its fees, the Plaintiff ignores that fact that it has already been established in the bankruptcy case that the Bank was provided absolutely no notice of the filing of the bankruptcy proceeding. If the Debtor and its counsel allege that the Bank was

footing the bill for the services, one would assume that Plaintiff would have contacted the Bank to advise of the filing or at the very least, send the Bank a copy of the adversary proceeding when it was filed. As will be shown in the case, nothing remotely close to what the Plaintiff alleges actually transpired.

Finally, and what should be the fact that shows this action is completely without merit **and** sanctionable, as pointed out herein, the Plaintiff never disclosed to the Bankruptcy Court that there was ever any agreement for any other party to pay its fees.

3. **Federal Question and Amount in Controversy**. The Plaintiff has asserted claims against the Bank under 18 U.S.C. §1961. In addition, the matter in controversy exceeds the sum of $75,000 as to the Bank. The Plaintiff's Fee Application in Bankruptcy Court sought fees of $69,660.00. Although the Plaintiff's Complaint does not state the amount it is seeking, based on the Fee Application and the fact that the Plaintiff is seeking treble damages, the amount in controversy exceeds $75,000.00.

4. **Diversity Jurisdiction**. The claim here is between citizens of different States. Plaintiff is a Virgin Islands corporation doing business in the Virgin Islands. The Defendant is a Rhode Island Chartered Institution with its principal place of business in Rhode Island. Consequently, there is complete diversity.

5. **Removal is Timely**. Plaintiff commenced this action on April 25, 2013. Plaintiff improperly served Defendant's counsel with the Complaint on May 3, 2013. The Bank has not been served. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b), as the matter has been removed within thirty (30) from Defendant's receipt of the summons and complaint.

6. **Pleading and Process**.  As required by 28 U.S.C. §1446(a), the Bank has attached to this Notice of Removal as Exhibit A copies of all the process and pleadings filed in the Superior Court action.  The Bank has also attached as Exhibit B a copy of the Expedited Application to Employ filed by the Plaintiff in the bankruptcy case.

7. **Non-Waiver of Defenses.**  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendant's right to assert any defense or affirmative matter, including objections to service of process, sufficiency of process, and the personal jurisdiction of the District Court or Superior Court over this controversy.

Dated:  May 23, 2013

*/s/ Christopher A. Kroblin*
Christopher Allen Kroblin, Esq**.**
V.I. Bar No. 966
KELLERHALS FERGUSON FLETCHER KROBLIN LLP
9100 Havensight
Port of Sale, Suite 15-16
St. Thomas, VI 00802
Telephone: (340) 779-2564
Facsimile: (888) 316-9269
Email: ckroblin@kffklaw.com


and

**MARSHALL GRANT, P.L.**
Attorneys for Independence Bank
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  amarshall@marshallgrant.com

/s/ Adam D. Marshall
ADAM D. MARSHALL
Fla. Bar No. 579823
JOE M. GRANT
Fla. Bar No. 137758
LAWRENCE E. PECAN

Fla. Bar No. 99086
Not Admitted in the U.S. Virgin Islands.
*Will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty of perjury that on this 23rd day of May, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or via other electronic transmission.

By: */s/ Christopher Allen Kroblin*

## SERVICE LIST

Scot F. McChain
53A Company St.
Christiansted, St. Croix
U.S. Virgin Islands 00820